(Pleito No. 205.—Fallado el 20 de Junio de 1902.)

### BAZÁN contra EZQUIAGA.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

DEMANDA DE DESAHUCIO. No procede la demanda de desahucio cuando el demandado ocupaba desde un principio el inmueble en virtud de un contrato de arrendamiento.

#### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte de Junio de mil novecientos dos, en el juicio de desahucio de un solar, seguido en la Corte de este Distrito por Don José Bazán, propietario, vecino de esta Capital, contra Don Luis Ezquiaga, Lino Colón y Dolores Fajardo, también de la misma vecindad, jornaleros los dos primeros y la última de oficios domésticos, pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por el demandante y sostenido en su defensa y representación por el Letrado Don Manuel F. Rossy; no habiendo comparecido la parte recurrida. — Resultando: Que por escritura pública de cinco de Agosto de mil ochocientos noventa y ocho, Don José Bazán compró á Don Eudaldo Iglesias é Iglesias un solar marcado con el número 83, radicado en el barrio de Puerta de Tierra, y cuyas colindancias constan de la referida escritura, manifestándose por el vendedor que sobre el inmueble que se reseñó no pesaba carga de ninguna especie; y con este documento inscrito en el Registro de la Propiedad y las diligencias creditivas de haberse requerido sin fruto á Ezquiaga, Colón y la Dolores Fajardo para que en el término de un mes desocupasen el solar con sus casas por ellos ocupados, los demandó Bazán en juicio de desahucio ante la Corte de Distrito, fundado en que ocupaban el solar en precario, concluyendo por solicitar que, previos los trámites legales, se dispusiese que lo desalojasen en el término de veinte días, apercibidos de lanzamiento, con imposición de todas las

costas.—Resultando:   Que en el juicio verbal la parte actora reprodujo su demanda y los demandados se opusieron, concediendo el hecho de vivir en el solar y negando la causa del desahucio, ó sea el precario, toda vez que lo ocupaban en virtud del contrato de arrendamiento celebrado con el antiguo dueño Don Eudaldo Iglesias é Iglesias; y conferido traslado de la demanda contestaron, en cuanto es pertinente al recurso, en los mismos términos en que lo hicieron en el referido juicio verbal.—Resultando:   Que abierto á pruebas el juicio á petición de las partes, se declararon pertinentes las propuestas, y declaró el vendedor del solar Don Eudaldo Iglesias que lo vendió libre de toda carga y gravamen, pero que ya vivían allí los demandados que le pagaban un canon mensual por el solar y que estaban obligados á dejarlo cuando se lo exigiera, y los demandados Lino Colón, Luis Ezquiaga y Dolores Fajardo manifestaron que efectivamente viven en el solar de Don José Bazán, que construyeron sus ranchos, sin fijación de tiempo, con permiso del antiguo dueño Sr. Iglesias, á quien pagaban, los dos primeros, doce reales mensuales, y el tercero dos pesos, por el arrendamiento del suelo que ocupaban.—Resultando:   Que la Corte de este Distrito dictó sentencia en quince de Junio del año anterior declarando sin lugar el desahucio y por consiguiente absolvió de la demanda á los demandados, imponiendo todas las costas al actor.—Resultando:   Que Don José Bazán interpuso recurso de casación por infracción de ley, fundado en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando en su apoyo:—1º   La infracción del párrafo 3º del artículo 1,563 de dicha Ley de Enjuiciamiento Civil, porque procede el desahucio contra cualquiera persona que tenga en precario una finca sin pagar merced, siempre que fuese requerido con un mes de anticipación para desocuparla, y los demandados no han acreditado que pagan canon alguno á Don José Bazán.— 2º   La infracción de la sentencia de treinta de Junio de mil ochocientos ochenta y siete, porque reconocido el hecho de

la adquisición de la finca y cumplido el requisito previo del requerimiento por un mes para el desalojo, no puede oponerse cuestión alguna, que en todo caso sería propia de otro juicio como es la reclamación que de sus casas ó bohíos tengan que formular.—3º   La infracción del artículo 1,563 de la citada ley y de la sentencia de diez de Marzo de mil ochocientos ochenta y cinco, porque no caben en este juicio de desahucio las excepciones de derecho que tienden á destruir, en cuanto lo disminuye, el de plena propiedad y posesión del demandante.—4º   La infracción de los artículos 1,569 causa 1ª, 1,577 y 1,581 del Código Civil, porque en el supuesto de que los demandados no vivan en el solar en concepto de precario, sino por pagar un canon, como ellos mismos declaran, siendo ese canon mensual y no habiéndose fijado tiempo, como también ellos lo declaran, es evidente la acción de desahucio por haber expirado el plazo en virtud del requerimiento que se les hizo.—5º   Error de derecho é infracción por tanto del artículo 1,218 del Código Civil y del artículo procesal 596, puesto que la escritura de compraventa de cinco de Agosto de mil ochocientos noventa y ocho expresa que la venta del solar fué libre de toda carga y este hecho obliga á tercero, y no obstante el Tribunal sentenciador no le ha dado el valor correspondiente al decidir el presente juicio de desahucio, infringiéndose en igual concepto la sentencia del Tribunal Supremo de Madrid, de tres de Julio de mil ochocientos setenta y tres y la ley 114, Título 18, Partida 3ª. puesto que las escrituras públicas valen para probar lo que en ellas se dice, ó sea los hechos consignados en las mismas, cuando, como la de que se trata, se ha otorgado con todas las solemnidades legales y en tales condiciones no puede alterarse lo que manifestó el Sr. Iglesias en el acto del otorgamiento que vendía libre de toda carga con lo que manifestó al declarar en el juicio que cuando vendió vivían en el solar los demandados, pagando un canon mensual, si bien tenían la obligación de dejar el sitio cuando se lo pidieran, ni tampoco es lícito conceder

también preferencia contra la escritura á los demandados, cuando declaran lo mismo que el referido Sr. Iglesias.— 6º La infracción del artículo 1,248 del Código Civil, porque existe verdadera prueba escrita y esto no obstante se da valor contra ella á las declaraciones de Iglesias y demandados, cuando el primero está en contradicción con sus manifestaciones hechas en la escritura de venta y los segundos tienen interés propio y directo en este asunto.   Y si se ha de apreciar la fuerza probatoria de las declaraciones de los testigos conforme á las reglas de sana crítica, se ha infringido igualmente el artículo 658 de la Ley de Enjuiciamiento Civil, porque no debe atenerse el juzgador al número de los que declaren, sino al valor que merezcan sus dichos, entendidos de modo sano y corriente y sin tener otro alcance que el escrito, y de ahí que no pueda deducirse que tuvieran permiso de Bazán ni que le pagaban canon alguno y siendo esto así, es evidente el precario que se alega.—Visto:   Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués. —Considerando:   Que el Tribunal sentenciador no ha negado el valor y eficacia legal del artículo 1,563 de la Ley de Enjuiciamiento Civil en los casos que taxativamente enumera, ni ha desconocido la doctrina de las sentencias del Supremo de España que se citan en los tres primeros motivos del recurso, porque no se ha discutido en el juicio cuestión alguna ajena al de desahucio ni que trate de destruir la propiedad y posesión del demandante, sino que antes al contrario se ha reconocido al demandante el dominio probado por una escritura pública, inscrita en el Registro de la Propiedad.—Considerando:   Que para que prospere la demanda de desahucio, fundada en el número 3º del artículo 1,563 de la Ley de Enjuiciamiento Civil, ó sea en el precario, es indispensable que sólo exista la posesión como efecto de la tolerancia del propietario, sin que pueda dar derecho alguno al poseedor.—Considerando:   Que probado en el juicio de desahucio que los demandados, antes de la venta del solar, vivían en él y que construyeron sus bohíos

con el consentimiento del primitivo dueño á quien pagaban mensualmente una cantidad por el disfrute del suelo, son todos hechos que revelan la existencia de un contrato de arrendamiento cuya naturaleza hace imposible el derecho de desahuciar en el concepto concreto en que sea admisible variar en la casación los términos en que el debate se planteó en el período de la discusión del juicio, por cuyo motivo no se han podido infringir los artículos del Código Civil que se citan en el 4º motivo y que se refieren á las causas del desahucio judicial por arrendamiento, y á la duración de este contrato según los casos.—Considerando: Que el Tribunal sentenciador también ha apreciado rectamente la escritura de venta de cinco de Agosto de mil ochocientos noventa y ocho, dándole el valor que realmente tiene, pues si bien es cierto que en ella manifestó el vendedor que sobre el solar no pesaba carga de ninguna especie y en su declaración en el juicio afirma la existencia del contrato de arrendamiento celebrado con los demandados con anterioridad á la venta, hay que tener en cuenta que en este caso no hay contradicción de ningún género, puesto que el contrato celebrado no constituye, en el sentido legal de la palabra, carga que afecte á la propiedad del inmueble ni que limite lo más mínimo los derechos á ella inherentes.—Considerando: Que se han apreciado igualmente con verdadero acierto las confesiones de los demandados, puesto que integran y corroboran las afirmaciones del vendedor del solar Don Eudaldo Iglesias sobre el hecho del contrato de arrendamiento que en nada desvirtúa la prueba escrita suministrada por el actor demostrativa de la propiedad que bajo ningún concepto se ha discutido.—Considerando: Que por las razones expuestas no se han cometido las infracciones que se alegan en el recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto por Don José Bazán; no hacemos declaración respecto á costas por no haber comparecido en este Tribunal Supremo la parte recurrida, y líbrese á la Corte del Distrito

de San Juan la certificación correspondiente, con devolución de los autos que remitió.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte de Junio de mil novecientos dos.— Antonio F. Castro, *Secretario.*